UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case Number: 22-61699-CIV-MARTINEZ-VALLE

SECURITIES AND EXCHANGE COMMISSION,
    Plaintiff,
v.
PROFILE SOLUTIONS, INC., *et al.*,
    Defendants.
_____/

## **AMENDED FINAL JUDGMENT AS TO DEFENDANT LEONARD M. TUCKER**

This matter comes before the Court upon the Agreed Motion for Entry of Amended Final Judgment Against Defendant Leonard Tucker ("Tucker"), filed by Plaintiff Securities and Exchange Commission (the "Commission"), (ECF No. 95). The Commission having filed a Complaint and Defendant having entered a general appearance and consented to the Court's jurisdiction over Defendant and the subject matter of this action; the Court having entered summary judgment on Counts I–II and IV–VII, (ECF No. 79); and as to Count III, the Defendant having consented without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein), waived findings of fact and conclusions of law, and waived any right to appeal from this Amended Final Judgment:

### I. Permanent Injunction
### Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 Thereunder

**IT IS HEREBY ORDERED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. § 78j(b)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by using any means or instrumentality of interstate commerce, or of the mails, or of

any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

        a. the price or trading market for any security;

        b. the prospects for success of any business, product, or company; or

        c. matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

    **IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II. Permanent Injunction
### Section 17(a) of the Securities Act of 1933

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Sections 17(a)(1) and 17(a)(3) of the Securities Act (15 U.S.C. §§ 77q(a)(1) and 77q(a)(3)) in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a) to employ any device, scheme, or artifice to defraud; or

(b) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

(a) the price or trading market for any security;

(b) the prospects for success of any business, product, or company; or

(c) matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Amended Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III. Conduct Based Injunction

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is restrained and enjoined from, directly or indirectly, including through any entity Defendant owns or controls: (1) participating in the issuance, offer, purchase, or sale of any securities except for transactions in his own personal brokerage account; and (2) participating in the management, supervision of, or otherwise exercising control over, any commercial enterprise or project that issues, purchases, or sells securities.

**IT IS FURTHER ORDERED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Amended Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### IV. Permanent Officer and Director Bar

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 21(d)(2) of the Exchange Act (15 U.S.C. § 78u(d)(2)) and/or Section 20(e) of the Securities Act (15 U.S.C. § 77t(e)), Defendant is permanently prohibited following the date of entry of this Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act (15 U.S.C. § 78l) or that is required to file reports pursuant to Section 15(d) of the Exchange Act (15 U.S.C. § 78o(d)).

### V. Permanent Penny Stock Bar

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing

or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act (17 C.F.R. 240.3a51-1).

## VI. Civil Penalty

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay a civil penalty in the amount of $450,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act (15 U.S.C. § 20(d)) and Section 21(d)(3) of the Exchange Act (15 U.S.C. § 78u(d)(3)). Defendant shall make this payment within 30 days after entry of this Amended Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Leonard M. Tucker as a defendant in this action; and specifying that payment is made pursuant to this Amended Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of

the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Amended Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Amended Final Judgment pursuant to 28 USC § 1961.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for a civil penalty or other amounts due by Defendant under this Amended Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Amended Final Judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, this day of October, 2024.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record